**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

YOHENIA GUERREO-GASPAR,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Civil Action No. 25-19003 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's motion seeking attorney's fees pursuant to the Equal Access to Justice Act. (ECF No. 7.) The Government filed opposition to the motion. (ECF No. 10.) Petitioner did not file a reply. For the following reasons, the motion shall be denied.

Petitioner filed her petition for a writ of habeas corpus in this matter on December 28, 2025. (ECF No. 1.) In her habeas petition, Petitioner argued that she had been unlawfully detained without the opportunity for a bond hearing pursuant to the Government's current interpretation of 8 U.S.C. § 1225(b)(2). On January 5, 2026, this Court entered a text order which agreed with Petitioner's interpretation of the relevant statutes, reconstrued her detention as arising under 8 U.S.C. § 1226(a), and ordered the Government to provide Petitioner with a bond hearing. (ECF No. 3.) The Government complied with that order, and Petitioner was ultimately released from detention on bond. (ECF Nos. 5-6.) Petitioner thereafter filed her current motion seeking attorney's fees. (ECF No. 7.)

The Equal Access to Justice Act permits a court in an immigration habeas matter to award a prevailing petitioner with attorney's fees if the Government's position is not substantially justified. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 423, 433 (3d Cir. 2026). Fees will therefore not be warranted when the Government's position is "justified to a degree that could satisfy a reasonable person." *Id.* at 433 (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)). This requires the Government to have a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded, and a reasonable connection between the facts alleged and the legal theory advanced. *Id.* "[I]n immigration cases, the Government must meet the substantially justified test twice: once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct." *Id.* Courts may not "assume the position of the Government was not substantially justified simply because it lost." *Id.*

In Petitioner's underlying immigration proceedings, the Government determined that Petitioner was subject to detention without bond under the Government's current interpretation of 8 U.S.C. § 1225(b)(2). Under that interpretation, aliens who entered the country by crossing the border without admission or inspection are subject to mandatory detention without an opportunity to seek release or bond. *See, e.g.*, *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Although that position has been rejected by a significant number of district courts and at least one federal court of appeals, *see Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044, at *4-23 (2d Cir. Apr. 28, 2026), several district courts and two federal courts of appeals have upheld the Government's interpretation of the statute. *See, e.g.*, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). There is currently no binding precedent within the Third Circuit contrary to the Government's position. This background, therefore, makes it clear that although this Court and the majority of federal courts to have ruled thus far disagree with the Government's position, a reasonable person could be satisfied that the Government's legal

position was justified to a reasonable degree. *See Tyagi v. Soto*, No. 26-962, 2026 WL 1052894, at *2 (D.N.J. Apr. 20, 2026) (denying fee application in relation to § 1225(b)(2) in light of the reasonable disagreement between courts as to the Government's interpretation of the statute). The Government's position in this habeas matter was likewise substantially justified. Although it took the position that *Hurtado*'s interpretation of the statute is correct, the Government complied with this Court's order requiring a bond hearing in short order, and Petitioner was ultimately released. As the Government's positions in both the underlying immigration proceedings and in this habeas matter were both substantially justified, Petitioner is not entitled to attorney's fees under the Act. Petitioner's motion shall therefore be denied.

An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/3/26